# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MIKE REDFORD and MIKE REDFORD INC., <br><br> Plaintiffs, <br><br> v. <br><br> AMANDA PLANCHARD, in her individual and official capacity, <br><br> Defendant. | 1:09-mi-0199 |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation (R&R) [4] regarding Plaintiffs Mike Redford and Mike Redford Inc.'s ("Plaintiffs") application to proceed *in forma pauperis* (IFP) and pro se in this action [1] and on Plaintiffs' Objections to the R&R [5].

I.   BACKGROUND

Plaintiffs filed their an application on May 19, 2009 to proceed *in forma pauperis* against Amanda Planchard, Director, Victim Assistance, Fulton County Solicitor General's Office. Plaintiffs assert claims for defamation, slander, libel, and deceit, arguing that Planchard knowingly made a false statement with

malicious intent to the Douglasville Police Department when she stated that "Dr. Redford has been reported to carry firearms and should be considered dangerous."

Although the Eleventh Circuit has indicated that a magistrate judge's denial of pauper status is a non-dispositive ruling and, accordingly, reviewed only for abuse of discretion, see In Re Arnold v. Mortgage Electronic Registration Sys., Inc., 166 Fed. Appx. 424, 425 (11th Cir. January 26, 2006) (per curiam) (citing Camp v. Oliver, 798 F.2d 434, 436-37 (11th Cir. 1986)), Magistrate Judge King issued a report and recommendation on July 2, 2009.[1]

The Court notes that Plaintiff Mike Redford has filed at least sixteen (16) civil actions, including this one, in this court since October 4, 2002.[2] Plaintiff's

---

[1] Magistrate Judge King acted out of an abundance of caution, noting a split of opinion among courts over whether a magistrate judge's denial of pauper status is a ruling on a non-dispositive pre-trial matter (reviewed by the district court for clear error) or a matter on which the magistrate should issue a report and recommendation for the district court to review pursuant to Federal Rule of Civil Procedure 72(b). See e.g., Poche v. Butler, 2007 WL 2695350, at *1 n.1 (E.D. La. September 11, 2007); Bethel v. Loxley, 2006 WL 3361402, at *1 (S.D. Ala. November 20, 2006). But cf. Lister v. Dept. of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005); Woods v. Dahlberg, 894 F.2d 187, 188 (6th Cir. 1990).

[2] Several of the actions were directed against judicial and public officials in Gwinnett County in connection with Plaintiff Mike Redford's divorce proceeding and his failure to pay support for his five children. See, e.g., Mike Redford v. Gwinnett County Judicial Circuit, R. Timothy Hamil, Mark Lewis, Bob Mitchell and James W. Oxendine, Head Magistrate, Civil Action No. 1:02-CV-2739-WBH; Mike Redford v. The Honorable Mark Lewis, individually and in his official capacity, Civil Action No. 1:04-cv-1636; Mike Jethro Redford v. Stephen Franzen,

earlier actions have all been dismissed as frivolous or for failure to state a claim. Contemporaneously with this action, Plaintiff Mike Redford filed a separate action and application to proceed IFP against Judge Cynthia Wright, Fulton County Superior Court. In that case, Plaintiff alleged Judge Wright violated his civil rights in an order regarding Plaintiff's visitation rights with his children. Redford v. Judge Cynthia Wright, Civil Action 1:09-mi-0200. The Court dismissed Plaintiff's action against Judge Wright on September 24, 2009, finding it to be indisputably meritless.

## II. DISCUSSION

### A. Standard of Review on the Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a

---

Judge, R.L. Butch Conway, Sheriff, and Gwinnett County Judicial Circuit, Civil Action No. 1:04-CV-0473-WBH.

party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2d Sess. (1976)). With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). This is the same standard of review provided by Federal Rule of Civil Procedure 72(b), which requires the district court to conduct a *de novo* review of any part of a magistrate judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3).

### B. **Plaintiffs' Objections to the Magistrate Judge's R&R**

Plaintiffs' "Motion for Objection for Magistrate Order" is mostly a disjointed commentary on the constitutional right of access to the courts and the duties of a republican government. Although Plaintiffs fail to state specific objections to the Magistrate Judge's findings, they do accuse the Magistrate Judge of personal bias and racial prejudice.[3] Plaintiffs argue that bias was evident because the Magistrate Judge considered Plaintiff Mike Redford's history of filing

---

[3] Plaintiffs claim that they "previously disqualified/recused" Magistrate Judge King. Doc. 5 at 6. Plaintiff Mike Redford did seek to disqualify Magistrate Judge King in another civil matter before this Court, but the Motion to Disqualify was denied. See Redford v. Gwinnett Cty. Judicial Cir., No. 1:08-cv-03686 (N.D. Ga. Filed Dec. 4, 2008).

frivolous actions in federal court. Doc. 5 at 2. The Magistrate Judge correctly considered this history because a plaintiff bringing a frivolous case or one brought for malicious purposes should not be granted IFP status. 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds Plaintiffs' objection that the Magistrate Judge displayed bias of any sort to be wholly without merit, and it is overruled.

Plaintiffs do not raise any specific objections to the Magistrate Judge's findings.[4] The Court therefore reviews the Magistrate Judge's R&R for plain error.

A corporation may appear in federal courts only through licensed counsel, not pro se. Rowland v. California Men's Colony Unit II Men's Advisory Council, 506 U.S. 194, 201-02, 113 S. Ct. 716, 721 (1993); Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well-established that a corporation is an artificial entity that can only act through agents, cannot appear in judicial cases pro se, and must be represented by counsel.") (citations omitted). Furthermore, a corporation is not entitled to IFP status. Rowland, 506 U.S. at 201-11, 113 S. Ct. at 720-26. The Court finds no plain error in the Magistrate Judge's finding that Plaintiff Mike Redford, Inc. may not be granted IFP status or be permitted to proceed pro se.

---

[4] Plaintiffs do object that the Magistrate Judge is not authorized to issue a final order on an application to proceed *in forma pauperis*. Doc. 5 at 2. As the Magistrate Judge submitted a report and recommendation to the Court, this objection is moot, and it is overruled.

5

An application for IFP status should be denied if the action filed is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(1). The Magistrate Judge's R&R details Plaintiff Mike Redford's history of repeated and meritless litigation and the R&R establishes that Mr. Redford's latest allegation—that he suffered economic loss because Planchard made a false statement with malicious intent to the Douglasville Police Department—has no evidentiary support. The Court finds no plain error in the Magistrate Judge's finding that Plaintiffs' action is without merit and was brought to harass a public official. Accordingly, the Magistrate's R&R is adopted.

Finally, the Court notes that on September 21, 2009, Mike Redford tendered to the Court the amount of $455.00 to file his appeal of this Court's order dated July 23, 2009 in Redford v. State of Georgia, 09-vc-1336-WSD. It appears that Redford is able to pay court filing fees and, despite having filed an Affidavit of Poverty, may not even qualify for IFP status.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections to the Report and Recommendation [5] are **OVERRULED** and that the Court **ADOPTS**[5] Magistrate Judge Janet F. King's Report and Recommendation [4].

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Mike Redford, Inc.'s application to proceed pro se and *in forma pauperis* [1] is **DENIED** and that Plaintiff Mike Redford, Inc.'s action is **DISMISSED WITH PREJUDICE**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff Mike Redford's application to proceed *in forma pauperis* against Amanda Planchard [1] is **DENIED** and that Plaintiff Mike Redford's action is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 25th day of September, 2009.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5] As the Court noted in its Order dismissing the contemporaneous action filed by Mr. Redford (Redford v. Wright, 09-cv-0200), the Court elects not to adopt the pre-filing approval process suggested by the Magistrate Judge.